## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corp.,

      Plaintiff,

v.                                                         CASE NO: 8:06-cv-879-T-26TBM

HOLLYWOOD AIR, INC.,
a Florida corp., et al.,

      Defendants.

_____/

## O R D E R

The Court has for its consideration Plaintiff's Verified Complaint and attachments,

affidavit of Beth Bonell, Motion for Order of Replevin, Temporary Restraining Order,

and Preliminary Injunction, and Memorandum of Law in Support of Motion for Replevin,

Temporary Restraining Order, and Preliminary Injunction.  After due and careful

consideration of Plaintiff's submissions, the Court enters the following order.

The Motions for Temporary Restraining Order and Preliminary Injunction (Dkt. 3)

are denied as unnecessary because under Rule 64, Federal Rules of Civil Procedure,

Plaintiff has available an action for writ of replevin prior to entry of final judgment under

Florida law, specifically sections 78.055, 78.065, and 78.067, Florida Statutes (2005),[1] a

remedy which it has invoked under counts III, IV, and V of its complaint.[2]  The Motion

---

[1]   See Rosen v. Cascade Int'l, Inc. 21 F. 3d 1520, 1530-31 (11th Cir. 1994).

[2]  The Court notes that Plaintiff has not specifically invoked the provisions of
section 78.068, Florida Statutes (2005).  Consequently, the Court is not inclined to utilize
the procedural format promulgated under that statute.

for Temporary Restraining Order is also due to be denied for failure to comply with the requirements of Rule 65(b)(2), Federal Rules of Civil Procedure.

The Motion for Writ of Replevin (Dkt. 3), which the Court construes as a motion for order to show cause pursuant to section 78.065, is granted subject to the following terms:

1)    The Court will convene a show cause hearing on Friday, May 26, 2006, at 11:30 a.m., in Courtroom 15B, United States Courthouse, 801 North Florida Avenue, Tampa, Florida.

2)    Plaintiff shall serve Defendants with copies of this order, the verified complaint, the affidavit of Beth Bonell, and the motion and supporting memorandum on or before 5:00 p.m., Wednesday, May 24, 2006.

3)    Plaintiff shall serve Defendants as provided by law if such service is possible. In the event Plaintiff is unable to serve Defendants as provided by law within the time specified in paragraph 1, then service may be effected by placing this order and the other specified documents, together with the summons, on or in the claimed property or on the main entrance of the Defendants' residences. In that event, the officer making the return shall state that the officer was unable to locate Defendant(s) and how the order was served.

4)    Any nonpersonal service made under section 78.065(2)© shall be effective to afford notice to Defendants of this show cause order and for no other purpose.

-2-

5)      Defendants are advised that they have the right to file affidavits on their

behalf with the Court and may appear personally or through counsel and present

testimony on their behalf at the time of the show cause hearing.

6)      Defendants are advised that they may, upon a finding by the Court pursuant

to section 78.067(2) that Plaintiff is entitled to possession of the claimed property pending

final adjudication of the claims of the parties, file with the Court a written undertaking

executed by a surety approved by the Court in an amount equal to the value of the

property to stay an order authorizing the delivery of the property to Plaintiff.

7)      Defendants are advised that if they fail to appear for the show cause hearing

that they shall be deemed to have waived their right to a hearing and that in such case the

Court may order the Clerk to issue a writ of replevin.

8)      Defendants are finally advised that they shall file a response, including the

affidavits referred to in paragraph 4 of this order, on or before 12 noon, Wednesday, May

24, 2006.

      **DONE AND ORDERED** at Tampa, Florida, on May 16, 2006.


    *s/ Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**
<u>**COPIES FURNISHED TO**</u>:  Counsel of Record